UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN J. CRAIG<br><br>        Plaintiff,<br><br>       v.<br><br>MTD PRODUCTS COMPANY, an Ohio Corporation; dba TROY-BILT, LLC,<br><br>        Defendant. | No.  2:16-cv-00480-TLN-EFB<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff's Motion to Remand and Award of Attorney Fees. (ECF No. 5.) Defendant has filed an opposition to Plaintiff's motion. (ECF No. 6.) The Court has carefully considered the arguments raised in Plaintiff's motion as well as Defendant's opposition. For the reasons set forth below, Plaintiff's Motion to Remand and Award of Attorney Fees (ECF No. 5) is hereby DENIED.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2015, this case was filed in the California Superior Court, El Dorado County. (ECF No. 6 at 4.) The Complaint indicated the parties were diverse from each other, but did not specify the amount of damages Plaintiff was claiming. (ECF No. 6 at 5.) Defendant made several attempts to discover the amount of damages Plaintiff was claiming during the course of the discovery process in order to determine whether the case could be removed to

federal court. (ECF No. 6 at 5.) Defendant sent two Requests for Admissions inquiring about damages on November 12, 2015. (ECF No. 6 at 5.) In December, 2015, Plaintiff responded stating Plaintiff did not have sufficient knowledge of the damages. (ECF No. 6 at 5.) Plaintiff responded to Defendant's interrogatories with the same statement. (ECF No. 6 at 5.) Defendant also attempted to coordinate meet and confer correspondence regarding the damages, but was unsuccessful. (ECF No. 6 at 5.) On January 4, 2016, Defendant received Plaintiff's Case Management Statement. (ECF No. 5 at 2.) This document indicated the amount in controversy to be $80,000, and was the first time Plaintiff had mentioned any estimation of damages. (ECF No. 6 at 2.) The amount was listed in reference to a California Rules of Court provision in which Plaintiff claimed it was exempt from participating in judicial arbitration.[1] (ECF No. 6 at 6.) The dollar figure was typed in on the second page of a six page form document. (ECF No. 6 at 6.) Defendant asserts that it did not see the amount listed on the form and continued to inquire about the amount of damages. (ECF No. 6 at 6.) On February 16, 2016, Defendant received Plaintiff's Amended Responses to Defendant's Request for Admissions, in which Plaintiff stated the amount in controversy exceeded $75,000. (ECF No. 6 at 6.) At this point, it had been just over 30 days since Defendant received Plaintiff's Case Management Statement. (ECF No. 6 at 7.) On March 8, 2016, Defendant removed this action to federal court. (ECF No. 5 at 1.) Plaintiff now moves to remand this case, alleging Defendant missed its opportunity for removal. (ECF No. 5 at 1.)

II.    **LEGAL STANDARD**

Procedures for removal are set forth in 28 U.S.C. § 1446. A defendant seeking to remove a civil action shall file a notice of removal in the district court. 28 U.S.C. § 1446(a); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). The removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992). Removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005).

28 U.S.C.S. § 1446(b)(1) permits defendants to remove state court actions to federal court

---

[1] Under Rule 3.811 of the California Rules of Court, cases are exempt from judicial arbitration if the amount of damages exceeds $50,000.

2

within thirty days of receiving an initial pleading or other document that reveals a basis for removal. 28 U.S.C.S. § 1446(b)(1).  However, if the initial pleading does not provide a basis for removal, a defendant may remove an action within thirty days of receiving an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is removable. 28 U.S.C.S. § 1446(b)(3); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1179 (9th Cir. 2015).

Defendant has no affirmative duty to investigate beyond the face of the complaint to determine if the case is removable.  *Rose v. Beverly Health & Rehab. Servs.*, No. 1:06cv0067 AWI DLB, 2006 U.S. Dist. LEXIS 54530 (E.D. Cal. July 22, 2006).  Defendant can avoid the running of the thirty-day time period even if it suspects that the complaint is removable.  *Id*.

Under 28 U.S.C.S. § 1446(c)(1), Defendant cannot remove to federal court more than a year after the case was initiated in state court, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C.S. § 1446(c)(1).

### III.   ANALYSIS

#### A.  Removal

Plaintiff's initial pleading did not establish a jurisdictional amount of more than $75,000. Accordingly, Defendant did not file for removal within 30 days of the pleading, as allowed under 28 U.S.C.S. § 1446(b)(1), and therefore this section is not at issue.  Thus, the Court turns to 28 U.S.C.S. § 1446(b)(3) to determine whether Defendant properly removed this case to federal court.

Plaintiff admits that the parties in this action are diverse and the controversy meets the $75,000 minimum requirement for diversity under 28 U.S.C. § 1332(a), but argues Defendant missed its window for removal under 28 U.S.C.S. § 1446(b)(3).  (ECF No. 5 at 2.)  Defendant received Plaintiff's Case Management Statement on January 4, 2016.  (ECF No. 5 at 2.)  As referenced above, a section of the Case Management Statement regarding mandated arbitration indicated the amount in controversy to be $80,000.  (ECF No. 6 at 2.)  Plaintiff claims the Case Management Statement is considered an "other paper" under 28 U.S.C.S. § 1446(b)(3), and therefore this document put Defendant on notice that the case was removable.  (ECF No. 5 at 2.)

1 Plaintiff contends Defendant's removal was improper because it filed for removal on March 8,
2 2016, more than 30 days after receiving the Case Management Statement.  (ECF No. 5 at 2.)

Defendant argues Plaintiff acted in bad faith by refusing to give any information as to the damages prior to its submission of the Case Management Statement.  (ECF No. 6 at 3.) Defendant claims the 30-day clock should have instead begun February 16, 2016, when it received Plaintiff's Amended Responses to Defendant's Request for Admissions clearly stating the damages exceeded $75,000.  (ECF No. 6 at 7.)  Accordingly, Defendant argues that filing for removal within 30 days of receiving Plaintiff's Amended Responses to Defendant's Request for Admissions was proper.  (ECF No. 6 at 7.)

Under 28 U.S.C.S. § 1446(c)(3), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."  The Ninth Circuit has not further specified a definition of "other paper." *Fitzwater v. Bank of Am*., N.A., No. 2:15-cv-0825-GMN-NJK, 2015 U.S. Dist. LEXIS 164355 (D. Nev. Dec. 8, 2015).  However, "other paper" has been interpreted to mean "documents generated within the state court litigation." *Rose v. Beverly Health & Rehab. Servs*., No. 1:06cv0067 AWI DLB, 2006 U.S. Dist. LEXIS 54530 (E.D. Cal. July 22, 2006) (finding that an email sent from Defendants to Plaintiff during the course of trial was not considered an "other paper"); *see also Riggs v. Cont'l Baking Co*., 678 F. Supp. 236 (N.D. Cal. 1988) (holding "[t]he elements of removability must be specifically indicated in official papers before the statutory period begins to run").

In this case, Plaintiff filed a Case Management Statement[2] as part of the state court litigation.  However, because this Court finds that Plaintiff acted in bad faith to conceal the amount of damages in an effort to prevent removal, it does not decide whether the Case Management Statement is considered an "other paper" under 28 U.S.C.S. § 1446(b)(3).

Plaintiff's bad faith attempts to conceal the jurisdictional amount of the case in an effort to prevent removal are governed by 28 U.S.C.S. § 1446(c)(3)(B).  The rule explains that Plaintiff

---

[2] This form was filed as part of an Alternative Dispute Resolution program offered through the El Dorado Superior Court system.

4

has "deliberately failed to disclose the actual amount in controversy to prevent removal." 28 U.S.C.S. § 1446(c)(3)(B).  Here, the complaint did not state the amount of damages and Defendant made several attempts to determine if the case met the $75,000 amount required for removal.  (ECF No. 6 at 6.)  Plaintiff refused to provide Defendant with any information as to the amount of damages for another five months.  (ECF No. 6 at 6.)  When Plaintiff finally provided the $80,000 figure, it was included as part of an arbitration provision in the middle of a Case Management Statement form letter.  (ECF No. 6 at 3.)  Only when that 30-day time limit had elapsed did Plaintiff provide Defendant with Plaintiff's Amended Responses to Defendant's Request for Admissions, in which Plaintiff stated the amount in controversy exceeded $75,000.  (ECF No. 6 at 7.)

This late amendment seems to be a tactical decision made in an effort to prevent removal, especially in light of Plaintiff's duty to supplement or amend disclosures and responses under Fed. R. Civ. P. 26(e)(1) ("A party…who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing").

This case meets the jurisdictional requirements under 28 U.S.C.S. § 1332(a) because the parties are diverse and the amount of damages exceeds $75,000.  Therefore, the federal court has subject matter jurisdiction to hear the case.  Because the Plaintiff acted in bad faith to prevent the case from being removed to federal court, its Motion to Remand is denied.

B.  Attorney Fees

Because this case is not being remanded, the Court declines Plaintiff's request for attorney fees.

///
///
///
///

5

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand and Award of Attorney Fees (ECF No. 5) is hereby DENIED.

Dated: October 17, 2016

Troy L. Nunley
United States District Judge